ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

KENNETH M. SORENSON
Assistant U.S. Attorneys
Room 6-100 PJKK, Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Ken.Sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 23 2005

at _____ o'clock and _____ min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR. NO.  04-00363 SOM |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM ROBERT CLIFFORD  (01) | ) | GOVERNMENT'S OPPOSITION |
| SCOTT STADNISKY        (02) | ) | TO DEFENDANT DANIEL LYNN |
| a/k/a: "Scoots" | ) | MYERS' MOTION TO SUPPRESS; |
| SLOANE TEDMUN PAGLINAWAN (03) | ) | CERTIFICATE OF SERVICE |
| DANIEL LYNN MYERS       (04 | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT DANIEL LYNN MYERS'MOTION TO SUPPRESS

I.   INTRODUCTION

        Defendant Daniel Lynn Myers, (Myers) has filed a Motion

to Suppress Evidence with respect to items recovered during the

June 30, 2004, search of Myers' Fremont, California residence.

The search was conducted on the authority of a state of California search warrant supported by the sworn affidavit of Freemont Police Department Narcotics Detective Derek M. Burns. Myers asserts that the affidavit fails to set forth adequate probable cause and moves to suppress all items recovered.

II.  STATEMENT OF THE CASE

On June 30, 2004, at 4:35 p.m. Detective Derek M. Burns of the Freemont Police Department obtained a warrant to search the residence of Daniel Lynn Myers located at 37515 Southwood Drive, Fremont, California.   The probable cause supporting the warrant derived from a reliable confidential informant and independent police corroboration of information provided by the informant.  Later that day, Detective Burns and other officers of the Southern Alameda County Narcotic Enforcement Team executed the warrant and recovered multiple items related to the narcotics trade.  These items included methamphetamine, marijuana, cocaine, firearms and ammunition, a digital weighing scale, a cellophane food saver press, drug packaging materials, Federal Express paperwork, a pay/owe drug note, and $2,772 in United States currency.

On December 6, 2005, Myers filed a motion to suppress evidence recovered in the search arguing that the warrant to search Myers' residence was obtained without sufficient probable cause.  For the reasons set forth below, Myers' motion to

2

suppress should be denied.

III. ARGUMENT

    A.    <u>The Search Warrant Affidavit Provides Ample Probable</u>
            <u>Cause to Support Issuance of the Search Warrant</u>

        The affidavit supporting the search warrant provides ample probable cause to support the decision of the California state Superior Court judge to issue a warrant for the search of Myers' Fremont residence.  In issuing a search warrant, a magistrate judge must look to the "totality of the circumstances" to determine whether the supporting affidavit establishes probable cause.  <u>Illinois v. Gates</u>, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).  In determining probable cause, the magistrate should consider an informant's veracity, reliability and basis of knowledge to resolve the "common-sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place."  <u>Gates</u>, 462 U.S. at 230.  The totality of the circumstances approach "permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability)" surrounding informants' tips. <u>Gates</u>, 462 U.S. at  234.  Further, a magistrate's determination of probable cause is afforded "great deference" by reviewing courts.  <u>Gates</u>, 462 U.S. at 236.  Thus, the trial court's determination that an affidavit provided probable cause to issue a search warrant will be upheld unless clearly erroneous.  <u>United States v. Bertrand</u>, 926 F.2d 838, 841

(9th Cir. 1991).

       Detective Burn's affidavit satisfies the requirements of <u>Gates</u> and its progeny.  In support of the application for the warrant, Detective Burns submitted his affidavit establishing that a reliable confidential informant had been to the residence and observed both cocaine and marijuana inside the house.  Myers argues that the warrant was based on hearsay informant information.  Hearsay information has long been a proper vehicle for establishing probable cause.  <u>U.S. v. Ruggio</u>, 978 F.2d 717, (9th Cir. 1992).  The real question is whether a substantial basis for crediting the hearsay exists.  <u>United States v. Guerrero</u>, 756 F.2d 1342, 1348-49 (9th Cir. 1984).  The affidavit in this case supplies ample basis for finding the information provided by the informant reliable.

       First, the affidavit establishes that Detective Burns is a highly trained and experienced narcotics investigator. Detective Burns has been involved in the execution of twenty (20) previous search warrants, has conducted over 100 arrests for narcotics violations and has undergone multiple training sessions in narcotics trafficking interdiction and investigation. Detective Burns has further spoken with admitted and convicted narcotics users and has become familiar with street terminology concerning packaging, sale and the administration of various controlled substances.  The affidavit of Detective Burns

4

establishes that he has participated in over 900 hours of formal police training.  Detective Burns has also testified in Court as an expert witness of narcotics related issues.

The affidavit then establishes that the confidential informant, code named "X" in the affidavit to protect him/her from being killed or injured if his/her name was revealed, has provided information leading to the seizure of methamphetamine, marijuana, cocaine, psilocybin, and the previous arrests of at least 10 individuals.  This "demonstrated reliability" has long been held sufficient to establish reliability in the Ninth Circuit and elsewhere.  United States v. Reeves, 210 F.3d 1041, 1045 (9th Cir. 2000);  United States v. Stanert, 762 F.2d 775, 777-79 (9th Cir.1985), amended, 769 F.2d 1410 (9th Cir. 1985); accord United States v. Landis, 726 F.2d 540, 543 (9th Cir.), cert. denied, 467 U.S. 1230 (1984).

The affidavit provides that over the course of Detective Burn's entire working relationship with "X", which the Court can infer has been substantial, "X" has never given information to Detective Burns deemed to be false.

The affidavit establishes that "X" understands that providing false information to Detective Burns will have a negative effect on his cooperation agreement with Burns, since "X" is attempting to provide cooperation in return for sentencing or charging consideration in a case pending against him or her.

Based upon the information provided by "X", Detective Burns conducted independent investigation to determine if he could corroborate information provided by "X". The establishment of reliability of informants through independent police investigation has long been favored. <u>United States v. Freitas</u>, 716 F.2d 1216, 1222 (9th Cir. 1983). First, Burns drove "X" to the location where "X" indicated drugs were observed. "X" indicated that the residence located at 37515 Southwood Drive, Fremont, California belonged to "Danny Myers". Burns then ran a record check through indices and independently corroborated that Daniel Lynn Myers lived at the residence. This information was further confirmed by a California Department of Motor Vehicles (DMV) check. Burns then showed "X" a DMV photo of Daniel Lynn Myers. "X" confirmed that Myers was the person he saw in possession of the cocaine and marijuana described in the affidavit.

Finally, "X" described Danny Myers to Detective Burns as a white male adult, approximately 42 years of age, 5'10" tall and weighing 190 pounds. The affidavit establishes that just as "X" had indicated, California DMV records confirmed that Myers was a 44 year old white male.

Based on significant previous reliable information from "X", Detective Burn's independent corroboration of facts provided by "X", and the significant experience level of Burns in

6

narcotics investigations, the affidavit provides ample reason to find information both "X" and his information reliable.

The next inquiry then centers on whether the information provided by "X" to Burns provides probable cause to believe the evidence named in the warrant would be found on the premises. On this front, the affidavit establishes that within 10 days of June 30, 2004, Detective Burns received information from "X" to include the following:

1. "X" is familiar with and has knowledge of cocaine and marijuana and has purchased and used both drugs in the past;

2. "X" knows a white male named Danny Myers, approximately 42 years of age;

3. Within 10 days of his conversation with Detective Myers, "X" had been in the residence of Myers and observed cocaine and marijuana in the possession of Myers;

Based on his substantial narcotics training and investigation experience, Detective Burns stated in the affidavit that the amount of cocaine and marijuana described to him as being seen by "X" at the residence of Myers, was consistent with the intent to sell both drugs. This fact is critical, since it demonstrates to the issuing magistrate judge that Myers is an individual who sells or distributes drugs, ie. he is a drug dealer. This determination rests upon the firm foundation of the experience of the affiant, who is aware of the amounts of cocaine and marijuana seen by "X" and has professionally determined, based on his experience, that they are "consistent with the

7

intent to sell." Courts have long relied upon the experience of the affiant in determining inferences and reaching factual conclusions with respect to criminal activity, including drug trafficking. United States v. Gil, 58 F.3d 1414, 1418 (9th Cir. 1995); United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002); United States v. Nance, 962 F.2d 860 (9th Cir. 1992).

Myers argues that it could have been as long as 18 days prior to the date of the issuance of the warrant that the cocaine and marijuana was observed at Myers' residence. The Ninth Circuit recognizes that "[w]ith respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity." United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986). There must simply exist a "sufficient basis to believe, based on a continuing pattern of [sic] other good reasons, that the items to be seized are still on the premises." United States v. Gann, 732 F.2d 714, 722 (9th Cir.), cert. denied, 469 U.S. 1034 (1984). The affidavit here establishes that a volume of drugs were present at the subject premises, in the possession of Myers, consistent with an intent to sell, or market, drugs. It is long established that "in the case of drug dealers, evidence is likely to be found where the dealers live." United States v. Gil, 58 F.3d 1414, United States v. Valenzuela, 596 F.2d 824, 829 (9th Cir.), cert. denied, 441 U.S. 965 (1979); United States v.

8

Dubrofsky, 581 F.2d 208, 213 (9th Cir. 1978); United States v.
Hernandez-Escarsega, 886 F.2d 1560, 1566 (9th Cir. 1989.) United
States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986).
While it is true that the drugs the informant observed might have
been sold or distributed by Myers by the time of the search,[1] the
affidavit makes clear that it supports a search for all of the
materials attendant with drug sales, including packaging
materials, firearms, currency, weighing scales, cutting agents,
buyer and seller listings, paraphernalia, etc. stating in the
experience of Detective Burns that they are "used...to prepare
and package the drugs...[and] are most often kept at the
trafficker's residence..."  Hence, the affidavit establishes
probable cause to believe that Myers is a drug seller, and thus
warrants a search of his residence for evidence of crime.  The
authorization to search extends beyond drugs to the badges of the
drug dealing trade, ie. packaging materials, currency, firearms,
etc.  Even if the cocaine and marijuana observed were sold, it
is certainly reasonable to infer that the tools of the trade
remained and that other drugs might be present as well.  (See
also United States v. Foster, 711 F.2d 871, 878-79 (9th Cir.
1983) where information suggested defendant "was in the business
of selling" drugs, finding of probable cause was proper even

---

[1]    Although it should be noted that the informant did not
take the drugs, and they were apparently still present at the
residence when he departed.

though drug sale to which defendant was linked occurred three
months earlier).

      B.   <u>Even if the Affidavit Lacks Sufficient Probable Cause,
the Warrant was Executed in Good Faith Reliance Upon
the Superior Court Judge's Issuance of the Warrant</u>

      Even if the affidavit failed to establish adequate
probable cause to support issuance of the warrant, Detective
Burns relied in good faith upon the state court judge's issuance
of the warrant.    A motion to suppress is properly denied where
the investigating agents had a reasonable, good faith belief in
the validity of the warrant.    <u>United States v. Leon</u>, 468 U.S.
897, 920 (1984).    For suppression to be appropriate, the facts
set forth in the affidavit supporting the warrant must be "so
lacking in indicia of probable cause as to render official belief
in its existence entirely unreasonable." <u>Leon</u>, 468 U.S. at 923
(quoting <u>Brown v. Illinois</u>, 422 U.S. 590, 610-11, 95 S.Ct. 2254,
45 L.Ed.2d 416 (1975) (Powell, J., concurring in part)) (internal
quotations omitted).    For all of the reasons set forth above,
under no set of circumstances can Detective Burn's affidavit be
considered "so lacking in indicia of probable cause as to render
official belief in its existence entirely unreasonable."    Id.

//

//

//

//

10

IV.   <u>CONCLUSION</u>

      For the foregoing reasons, the Government respectfully requests that Defendant Daniel Lynn Myers motion to suppress by denied.

      DATED: December 23, 2005, at Honolulu, Hawaii.

              EDWARD H. KUBO, JR.
              United States Attorney
              District of Hawaii


            By _____
              KENNETH M. SORENSON
              Assistant U.S. Attorney

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )      CR. NO.  04-00363 SOM
                                )
     vs.                        )
                                )
WILLIAM ROBERT CLIFFORD  (01) ) CERTIFICATE OF SERVICE
SCOTT STADNISKY         (02) )
          a/k/a: "Scoots"       )
SLOANE TEDMUN PAGLINAWAN (03) )
DANIEL LYNN MYERS        (04  )
                                )
          Defendants.           )
_____)


CERTIFICATE OF SERVICE

          I certify that a copy of the GOVERNMENT'S OPPOSITION TO

DEFENDANT'S MOTION TO SUPPRESS was served upon LANE TAKAHASHI,

ESQ., by fax this 23rd day of December, 2005.


                              Kenneth M. Sorenson
                              Assistant U.S. Attorney