LANE Y. TAKAHASHI 2417-0
AAL, ALC
Topa Financial Center
745 Fort Street, Suite 2121
Honolulu, Hawaii 96813
Telephone: (808) 521-7181

ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00363-04 SOM |
| Plaintiff, | ) ) DEFENDANT'S REQUESTED VOIR |
| vs. | ) DIRE QUESTIONS; CERTIFICATE OF ) SERVICE ) |
| DANIEL LYNN MYERS, (04) | ) Trial Date: January 31, 2006 ) Time: 9:00 a.m. |
| Defendant. | ) Judge: Susan Oki Mollway ) |

DEFENDANT'S REQUESTED VOIR DIRE QUESTIONS

Defendant, through counsel, respectfully requests the Court make the introductory remarks to the venire as set forth below and to then ask the entire venire each of the following questions.

Introductory Remarks

Ladies and gentlemen, the purpose of the questions that are put to you, to which you have sworn to give true answers, is not to pry into your personal life or beliefs. The purpose is solely to ensure that each of you will be able to judge this case solely on the evidence and the law and not because of some bias, prejudice, or preconceived idea toward one side or the other. With this purpose in mind, I ask you to search your hearts and give true answers to the following questions.

A. <u>Attitude Toward the Law</u>

1. Ladies and gentlemen, one of the fundamental principles of our law is that the defendant in a criminal trial is presumed innocent of any and all charges made against him unless and until he is proven guilty beyond a reasonable doubt. Is there anyone who disagrees with this principle or finds this principle troubling or objectionable?

2. Does anyone believe that this should <u>not</u> be the law?

3. Is there anyone who would refuse to find a defendant not guilty even if he or she had a reasonable doubt about the defendant's guilt?

4. Another fundamental principle of our law is that the prosecutor has the burden of proving that a defendant is guilty beyond a reasonable doubt. Further, the defendant need not prove his innocence. That is, he need not call any witnesses, including himself, nor need he produce any evidence at trial whatsoever. On the contrary, the burden is always on the prosecutor to prove guilt, if he can, beyond a reasonable doubt. Is there anyone who disagrees with this principle or finds this principle troubling, objectionable, or unfair?

5. Is there anyone who believes that this should not be the law? Does anyone believe that a defendant must prove his innocence?

6. This is a criminal case, not a civil case. In a civil case, the question would be only whether the defendant is probably liable or guilty. In a criminal case, however, the question is whether the defendant is proved guilty beyond a reasonable doubt, a much higher standard. Is there anyone who finds this

principle troubling or objectionable? Does anyone believe that this should <u>not</u> be the law?

7. A defendant in a criminal case has a constitutional right not to testify on his own behalf. You may draw no inference of guilt from the choice of the defendant not to testify because the burden of proof is on the prosecutor, not the defendant. Should the defendant elect not to testify, you must look to all the other evidence in the case and determine whether or not it establishes guilt beyond a reasonable doubt. If it fails to do so, you must acquit the defendant regardless of whether or not he has testified. However, if the defendant were to testify, would you give his testimony the same weight and credit that you would give to any other witness? Is there anyone who finds these principles of law troubling or unacceptable?

8. The defendant has been indicted in this case. An indictment is merely a formal charge. It is not any evidence whatsoever of guilt. Therefore, you are to draw no inference at all from the mere fact that the defendant has been indicted. Is there anyone who cannot accept this principle of law? Does anyone believe that this should not be the law?

9. Some people believe that just because someone is arrested and is on trial, he must be guilty of something. Is there anyone of you who holds this belief?

10. The following witnesses are expected to be called in this case [the Court is requested to list the full names and occupations of all government and defense witnesses expected to be called.]

11. Is there anyone who knows any of the above witnesses?

12. Is there anyone who knows or has heard of, any of the attorneys or the Judge?

13. Is there anyone who knows anyone who works in the United States Attorney's office or the City Prosecuting Attorney's office?

14. Would the fact that the Defendant was at the scene of the alleged crimes create in your mind an assumption that he must be guilty?

B. Prior Jury Experience

1. Is there anyone who has even sat on a trial jury before, in either federal or state court? If so, was the case a civil or criminal case? Do you understand and accept the difference between a civil and a criminal case insofar as the burden of proof upon the prosecution is concerned?

2. Have you ever discussed a criminal case with a prosecutor, U.S. Marshal, sheriff, bailiff or court reporter?

3. Have you sat as a juror in any case where the judge commented on the verdict after it was announced?

4. Has any one of you ever sat on a grand jury in either state or federal court?

5. What was the nature of the case on which you sat?

6. Do the facts and the law of that case raise any questions in your mind as to whether you can decide the case before you now solely on the evidence and the law presented to you?

C. Attitude Toward Law Enforcement

1. Have you or any relative ever worked for any law enforcement or police department, such as the Internal Revenue Service, Central Intelligence

Agency, Federal Bureau of Investigation, Drug Enforcement Agency, Honolulu Police Department, or any other state or local agency?

2. Have you ever worked for a law enforcement agency while in the military?

3. Have you or any relative ever worked fro a prosecutorial agency, either federal, such as the U.S. Attorney's Office, state or local?

4. Have you or any relative been a witness for the prosecution in any criminal case?

5. Have you or any close friend or relative ever been the victim of a crime?

6. If so, please state the nature of the crime. If you prefer, you may approach the bench.

7. Do you think that your experience as being a victim of a crime has in any way affected your ability to give the defendant a fair and impartial trial?

8. Would any of you give the testimony of a government agent more weight than that of another witness merely because of his or her position?

9. Does anyone of you believe that a government agent would never lie?

D. Physical or Mental Impairment

1. Do any of you have any hearing, vision, or other health problem that would interfere in any way with your ability to receive evidence in this case?

2. Do any of you have any difficulty reading, understanding or speaking the English language?

E. Attitude Toward Lawyers

1. Have any of you ever studied law?

2. Do you have close friends or relatives who are lawyers or are studying law? If you know any lawyers, what kind of law do they practice?

3. Ladies and gentlemen, the attorney for each side has the right to excuse a certain number of jurors without stating any reason. You should not be biased or prejudiced against any counsel who excuses any juror even if that juror should happen to be a friend of yours. Is there anyone who finds this principle unacceptable?

4. It is also the right and duty of the attorney to object whenever he feels an objection is warranted, and to discuss matters of law outside of your presence or at the bench. You must not be prejudiced against any attorney who objects, or who asks to approach the bench. Is there anyone of you who finds these principles unacceptable?

F. Relevant Personal Information

1. Is there anyone on the jury who belongs to any organization which advocates the lengthening of criminal sentences?

2. In what part of Hawaii do you live? How long have you lived there?

3. What is your occupation and that of your spouse? For how long have you been so employed?

4. What was your previous occupation and that or your spouse?

5. What is/are the occupations/s of your child/ren?

6. Have you or your spouse ever served in the armed services? If so, when and in what capacity?

G. <u>Concluding Questions</u>

1. If <u>you</u> were the defendant, would you be satisfied to have as a juror a person with your frame of mind?

2. If you came to the conclusion that the prosecution had not proven the guilt of the accused beyond a reasonable doubt, and you found that a majority of the jurors believed the defendant was guilty, would you change your verdict only because you were in the minority?

3. The purpose of these questions to which you have sworn to give true answers, has been to ensure that each juror will judge this case solely on the evidence and the law and not because of some bias or prejudice toward on side or the other. With this purpose in mind, I ask you to search your hearts and state whether there is any reason at all why you feel you could not give each side a fair and impartial trial?

DATED: Honolulu, Hawaii, January 17, 2006.

_____
LANE Y. TAKAHASHI
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served by hand delivery or U.S. Mail to the following:

Kenneth M. Sorenson
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850

William A. Harrison, Esq.
841 Bishop Street, Suite 800
Honolulu, Hawaii 96813

DATED: Honolulu, Hawaii, January 17, 2006.

_____
Lane Y. Takahashi