# ORIGINAL

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; you, the jurors, are the other. It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is now my duty to instruct you on the law applicable to the case.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 5 2006

at _____ o'clock and _____ min. ___M
SUE BEITIA, CLERK

CR04-00363SOM
USA vs. (02) Scott Stadmisky
(04) Daniel Myers

You, as jurors, are the judges of the facts. But in determining what actually happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you. Unless otherwise stated, you should apply each instruction separately and individually to each defendant on trial.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without sympathy, bias, or prejudice. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed to be innocent and does not have to present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a verdict of not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If, after a careful and impartial consideration with the other jurors of all the evidence, you are not convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the defendant

not guilty.  On the other hand, if, after a careful and impartial

consideration with the other jurors of all the evidence, you are convinced

beyond a reasonable doubt that the defendant is guilty, it is your duty to

find the defendant guilty.

Section 846 of Title 21 of the United States Code provides in pertinent part that it shall be unlawful for any person to conspire to commit a violation of certain federal drug laws where the commission of the violation was the object or goal of the conspiracy. One of those drug laws is Section 841(a)(1) of Title 21 of the United States Code which makes it an offense for a person to knowingly and intentionally distribute, possess with intent to distribute, or manufacture a controlled substance.

Methamphetamine, in any amount, is a controlled substance.

Count 1 of the Indictment charges that at a date unknown to the Grand Jury, but at least beginning by August, 2003 and continuing to September 11, 2004, in the District of Hawaii and elsewhere, SCOTT STADNISKY, a/k/a: "Scoot," and DANIEL LYNN MYERS, the defendants, along with William Clifford, did willfully and unlawfully conspire together and with other persons known and unknown to the Grand Jury, to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, which is a prohibited drug substance. This conduct is charged in Count 1 as constituting a violation of Title 21, United States Code, Section 841.

Section 841(a)(1) of Title 21 of the United States Code provides in part:

(a) it shall be unlawful for any person

knowingly or intentionally--

(1) to possess with intent to distribute or

distribute a controlled substance.

Scott Stadnisky, aka: "Scoot," and Daniel Lynn Myers are charged in Count 1 of the Indictment with conspiring to distribute and possess with the intent to distribute a controlled substance in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for Defendants Scott Stadnisky, aka: "Scoot," and Daniel Lynn Myers to be found guilty of that charge, the government must prove each of the following elements as to each defendant beyond a reasonable doubt:

First, on or about between the dates of August 2003 and September 11, 2004, there was an agreement between two or more persons to distribute, or possess with intent to distribute 50 grams or more of methamphetamine, its salts, its isomers and salts of its isomers, and

Second, Defendants Scott Stadnisky, aka: "Scoot," and Daniel Lynn Myers became members of the conspiracy knowing that the object of the conspiracy was to distribute or possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers and with the intent to help accomplish that object.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does

not have full knowledge of all the details of the conspiracy.

Furthermore, one who willfully joins an existing conspiracy is as

responsible for it as the originators.  On the other hand, one who has no

knowledge of a conspiracy, but happens to act in a way which furthers

some object or purpose of the conspiracy, does not thereby become a

conspirator.  Similarly, a person does not become a conspirator merely

by associating with one or more persons who are conspirators, nor

merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with another defendant in the overall scheme, a defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

The law does not compel a defendant in a criminal case to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

As stated earlier, it is your duty to determine the facts, and, in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes (1) the sworn testimony of the witnesses, (2) the exhibits admitted in the record, and (3) any facts or testimony to which the parties have agreed and stipulated.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of each lawyer is to point out those things that are most significant or most helpful to that lawyer's side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered or the exhibit cannot be received, and you must not speculate as to what the answer might have been or what the exhibit might have shown. Nor should you speculate as to the reason for any objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she  should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

The parties have agreed as to certain facts that have been stated to you.  You should treat these facts as having been proved.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider the witness' relationship to the government or the defendant; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The rules of evidence provide that, if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state an opinion or opinions concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony or of a crime involving dishonesty or false statement is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to be given to the testimony.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The case of each defendant and the evidence pertaining to each defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether the defendants are guilty or not guilty. The defendants are not on trial for any act or conduct or offense not alleged in their respective indictments. Nor are you called upon to return a verdict as to whether any other person or persons not on trial as defendants in this case are guilty or not guilty.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge and should never be considered by the jury in any way in arriving at an impartial verdict.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or solely for the purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. Forms of verdicts have been prepared for your convenience.

(Explain verdict forms.)

You will take the verdict forms to the jury room, and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill them in, then date and sign them. You will then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please reduce your message or question to writing signed by the foreperson and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.