## DECLARATION OF COUNSEL

I, LANE Y. TAKAHASHI, declare as follows:

1. I am an attorney licensed to practice law in the State of Hawaii.

2. I make this declaration based upon personal knowledge except and unless stated to be upon information and belief.

3. I was appointed to represent Defendant, DANIEL LYNN MYERS, on or about September 30, 2005 in a federal criminal matter, Case No. 04-00353 SOM-02, involving violations of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

4. On December 6, 2005, after consulting with Mr. Myers, I filed a Motion to Suppress Evidence arguing that the search warrant executed on Mr. Myers' residence on June 30, 2004 was obtained without sufficient probable cause. This motion was unsuccessful. The District Court's denial of the Motion to Suppress was raised on appeal by Mr. Myers' appellate counsel, however, the Ninth Circuit affirmed the District Court's finding of probable cause.

5. To the best of my recollection, Mr. Myers did not discuss with me or request that I file any other specific pretrial motions. Based upon all of the information I had at the time, I did not identify any other non-frivolous issues upon which to premise additional pretrial motions.

6. As is my standard practice in representing



EXHIBIT E

criminal defendants, I reviewed all of the material provided by the government as discovery with Mr. Myers. In the instant case, the government had strong evidence against Mr. Myers, however, Mr. Myers refused to plead guilty or bargain for a plea agreement.

7. I spent approximately four (4) months preparing for trial. I spent time consulting with Mr. Myers, reviewing all discovery materials; juror cards; proposed jury instructions; I also spent time drafting cross examination questions and the closing argument. According to my time sheets submitted in relation to my request for attorney's fees, more than thirty (30) hours were spent preparing for trial.

8. I did not interview Clifford, the government's main cooperating witness, because, in my experience: cooperating witnesses are not readily available for interview by defense counsel (or rarely agree to be interviewed by defense counsel); cooperating witnesses have typically been well prepared by the government and are not likely to change their "story" prior to trial; and because, in my opinion, the best strategy or tactic in cases such as this where the testimony of a cooperating witness is key, is to aggressively cross examine and confront the cooperating witness for the first time on the stand while they are under oath. In my opinion, talking to a cooperating witness prior to trial will put the witness on notice regarding your theory of the case and will serve to give the witness more time

to prepare their responses to your anticipated cross examination. To the best of my recollection, Mr. Myers did not press me to interview Clifford. Had Mr. Myers done so, I nevertheless would have made every effort to interview Clifford, while advising Mr. Myers that to do so may reduce our effectiveness on cross examination.

9. Based on my pretrial investigation, there was no evidence to support Mr. Myers' claim that the drugs in question were shipped to Hawaii by Clifford's mother, and not Mr. Myers. To the contrary, the government had overwhelming evidence indicating that Myers was the one who shipped the drugs to Hawaii, including sender's and recipient copies of FedEx air bills that were recovered during the execution of a search warrant on Mr. Myers' residence.

10. To the best of my recollection, the government did not vouch for Clifford's testimony, therefore, I had no basis to raise an objection on this ground. This case hinged on the credibility of the testimony of the government's key cooperating witness, Clifford. Defense counsel had to challenge Clifford's testimony on cross examination. Thus, having raised the issue of Clifford's credibility, the government was entitled to rehabilitate Clifford's credibility on re-direct examination. Even if the government had vouched for Clifford's credibility, objecting to such vouching, in my opinion, would only draw more attention to the fact that Clifford was telling the truth.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, May 27, 2010.

                                      */s/ Lane Y. Takahashi*
                                    LANE Y. TAKAHASHI